UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| DANIEL KENDALL, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | No.: 3:15-CV-242-TAV-HBG |
| CORRECTIONAL OFFICER DAVIS, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This is a pro se prisoner's civil rights complaint filed pursuant to 42 U.S.C. § 1983. Before the Court are Defendant's motion for summary judgment filed [Doc. 27] and his motion to amend/revise trial date [Doc. 33]. Plaintiff has not filed a response to Defendant's motion for summary judgment and the time for doing so has passed. E.D. Tenn. LR 7.1(a)(2). As such, Plaintiff has waived any opposition to this dispositive motion. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd* 577 F.2d 740 (6th Cir. 1978); E.D. Tenn. LR 7.2. For the following reasons, the motion for summary judgment [Doc. 27] will be **GRANTED** and this action will be **DISMISSED**. Accordingly, Defendant's motion to amend/revise trial date [Doc. 33] will be **DENIED as moot**.

I.  BACKGROUND

In his complaint, Plaintiff alleges that on October 3, 2014, he was having chest pains and pressed his call light [Doc. 2 p. 9]. Plaintiff states that when Defendant responded, Plaintiff told Defendant that he was having chest pains and requested that Defendant call medical, which Defendant stated he would do [*Id.* at 9, 13]. Plaintiff further asserts that, after thirty minutes passed, Plaintiff again pressed the call light, at which time Defendant advised Plaintiff that he

needed to sign up for sick call if he was having an emergency [*Id.*].  Plaintiff states that several hours later, after shift change, an unidentified officer noticed that Plaintiff was having medical symptoms of a heart attack and obtained medical care for Plaintiff, at which time Plaintiff was taken to a medical center and diagnosed with congestive heart failure [*Id.*].  Plaintiff alleges that his chest pains establish the objective element of a deliberate indifference claim and that Defendant's failure to get Plaintiff medical treatment for those chest pains establishes the subjective element of such a claim [*Id.* at 10–13].

In his affidavit filed in support of his motion for summary judgment, Defendant testifies that during the relevant incident on October 3, 2014, Plaintiff requested that Defendant send him to the medication pass line ("med pass") to obtain an antacid because he was having stomach pain and heartburn [Doc. 32 p. 1].  Defendant states that he denied this request because antacids are not available at evening med pass [*Id.*].  Plaintiff had voluntarily declined to go to med pass earlier in the evening [*Id.*]. After Defendant denied Plaintiff's request, Plaintiff told Defendant "F*** it, I'll get third shift to do it" [*Id.*].  Defendant further testifies that Plaintiff did not request emergency sick call and did not appear to be in serious medical distress [*Id.* at 2].  Also, in the excerpt of Plaintiff's deposition and Plaintiff's certified medical records filed with Defendant's motion for summary judgment, Defendant set forth evidence that, when Plaintiff was evaluated by the medical center after the incident at issue, Plaintiff's labs and EKG were normal and it was determined that Plaintiff had not had a heart attack, but rather was diagnosed with atypical chest pains [Doc. 30 p. 4; Doc. 31 pp. 7, 11].

II.   **SUMMARY JUDGMENT STANDARD**

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact

and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). "Summary judgment is proper if the evidence, taken in the light most favorable to the nonmoving party, shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 611 (6th Cir. 2009) (citation omitted). The moving party has the burden of conclusively showing the lack of any genuine issue of material fact. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).

Summary judgment is an integral tool for securing the "just, speedy[,] and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). The moving party is entitled to judgment as a matter of law "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of truth at trial." *Id.* at 322.

A district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded, but rather the court is required to, at a minimum, examine the motion to ensure that the movant has met its initial burden. *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998). In doing so, the court "must not overlook the possibility of evidentiary misstatements presented by the moving party." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 407 (6th Cir. 1992). The court must "intelligently and carefully review the legitimacy of [] an unresponded-to motion, even as it refrains from actively pursuing advocacy or inventing the *riposte* for a silent party." *Id.* In the absence of a response, however, the Court will not "*sua sponte* comb the record from the partisan perspective of an advocate for the non-moving party."

*Id*. at 410.  If the court determines that the unrebutted evidence set forth by the moving party supports a conclusion that there is no genuine issue of material fact, the court will determine that the moving party has carried its burden, and "judgment shall be rendered forthwith."  *Id*. (alteration omitted).

## III.   ANALYSIS

Defendant presents evidence that he did not perceive a substantial risk to Plaintiff during the incident at issue in Plaintiff's complaint and that Plaintiff did not suffer any detriment from the delay in medical treatment.  Plaintiff has not disputed this evidence or set forth evidence that he suffered any detriment due to the delay in receiving medical care.  Accordingly, Defendant is entitled to judgment as a matter of law on Plaintiff's claim for denial of medical care.

A prison authority's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976).  Prison medical personnel or officials may be deliberately indifferent to a prisoner's serious medical needs "in their response to a prisoner's needs" or by "interfer[ing] with treatment once prescribed."  *Id.*  To prevail on a claim alleging Eighth Amendment violations in the prisoner medical context, a plaintiff must show that acts or omissions of an individual operating under the color of state law were "sufficiently harmful to evidence deliberate indifference to serious medical needs."  *Id.* at 106.  Thus, under the *Estelle* standard, "[a] constitutional claim for denial of medical care has [both] objective and subjective components."  *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004).

The objective component of a claim for denial of medical care requires proof the inmate is suffering from a sufficiently serious medical need such that "he [was] incarcerated under conditions posing a substantial risk of serious harm."  *Brown v. Bargery*, 207 F.3d 863, 867 (6th

4

Cir. 2000) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). To be sufficiently serious, the medical need must be either (1) obvious to a layperson or (2) supported by medical evidence, like a physician's diagnosis. *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 297–98 (1991)); *Aswegan v. Henry*, 49 F.3d 461, 464 (8th Cir. 1995). Further, "[a]n inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed." *Napier v. Madison Cty.*, 238 F.3d 739, 742 (6th Cir. 2001) (quoting *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1188 (11th Cir. 1994)).

The subjective component of a claim for denial of medical care requires proof that the prison official acted with deliberate indifference. *Carter v. City of Detroit*, 408 F.3d 305, 312 (6th Cir. 2005), *abrogated on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009). Deliberate indifference requires a mental state amounting to criminal recklessness, and mere negligence is therefore insufficient. *Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir. 2013) (citing *Farmer*, 511 U.S. at 834, 839–40). To meet this subjective standard, a plaintiff must establish that the defendant: (1) "perceived the facts from which to infer substantial risk to the prisoner," (2) "did in fact draw the inference;" and (3) "then disregarded that risk." *Id.* at 591 (quoting *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001)).

As set forth above, Defendant has presented evidence that, during the incident at issue in the complaint, the only medical issues of which Plaintiff complained were stomach pain and heartburn. Even if the Court assumes that these medical issues were sufficiently serious, Defendant has set forth proof that when Plaintiff ultimately received medical attention for his complaints, Plaintiff's labs and EKG were normal and Plaintiff was diagnosed with atypical chest pain, rather than a heart attack. Plaintiff has not disputed this evidence or placed any

5

verifying medical evidence establishing any detriment to him from the delay in medical treatment in the record. Further, Defendant has set forth undisputed proof in his affidavit that he did not perceive that the stomach pain and heartburn posed a substantial risk to Plaintiff and thus did not disregard any such risk. Accordingly, Defendant has met his burden to establish that no genuine issue of material fact remains as to Plaintiff's claim for denial of medical care and he is entitled to summary judgment.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment [Doc. 27] will be **GRANTED** and this action will be **DISMISSED**. Accordingly, Defendant's motion to amend/revise trial date [Doc. 33] will be **DENIED as moot**.

The Court hereby **CERTIFIES** that any appeal from this order would not be taken in good faith. Thus, should Plaintiff file a notice of appeal, this Court will **DENY** Plaintiff leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

**AN APPROPRIATE ORDER WILL ENTER**.

**ENTER:**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE